IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHERLI BASS,<br><br>    Plaintiff,<br><br>vs.<br><br>FRESENIUS MEDICAL CARE,<br>a division of Fresenius Medical Care<br>North America, Inc.,<br><br>    Defendant. | CASE NO.: 3:09-CV-00224<br><br>CHIEF JUDGE TODD J. CAMPBELL<br><br>MAGISTRATE JUDGE JOHN S. BRYANT |

## ~~PROPOSED~~ CASE MANAGEMENT ORDER

    **A.**     **JURISDICTION AND VENUE:** This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. The Court has subject-matter over Plaintiff's state-law claims pursuant to 28 U.S.C § 1332 and 28 U.S.C § 1367. Venue is proper pursuant to 28 U.S.C § 1391(b) because a substantial portion of the complained-of acts/events are alleged to have occurred in this judicial district. Jurisdiction and venue are not disputed.

    **B.**     **BRIEF THEORIES OF THE PARTIES:**

    **1.**     **PLAINTIFF:** Plaintiff, an African-American female born on January 9, 1957, contends that Defendant, more properly referred to as Renal Care Group, Inc., has continuously subjected her to unlawful discrimination, harassment, and retaliation solely on account of her race and age.

    Plaintiff is a licensed practical nurse with nearly twenty (20) years nursing experience and specialized training in dialysis treatment procedures; she has worked at Defendant's since

1

March 2004 and is still employed by Defendant. Plaintiff contends that she worked at Defendant without incident until the arrival of Kristina Lowell, a White and significantly younger clinical manager who, at all times relevant hereto, has served as Plaintiff's direct supervisor. Put simply, Plaintiff became "sport" to Lowell who immediately commenced a pattern and practice of harassment and bullying that unreasonably interfered with Plaintiff's work performance. Once Plaintiff complained to Defendant--and, ultimately to Tennessee's OSHA office via a written complaint--the harassment and intimidation escalated. In fact, Lowell's conduct became "outrageous," with Lowell demanding in January 2008 that Plaintiff handle certain "water processing" duties despite Plaintiff's protests that she (a) lacked training in water processing and was concerned that patients might be harmed if there were any missteps; (b) had suffered a chemical reaction in 1999 after entering an identical water treatment room and, having lost consciousness, was rushed to a hospital emergency room; and, (c) was certain that those same chemicals that affected her in 1999 were present in Defendant's water room and would cause her harm. Plaintiff provided Defendant with medical documentation of the prior incident and charge Nurse Jewel Otis (40+ year old, African-American) corroborated Plaintiff's claims, however, Lowell persisted with her demand. Plaintiff, fearing termination, complied. Plaintiff in fact ended up lost consciousness upon entry into the water processing room was rushed to a hospital emergency room.

Defendant's outrageous conduct continues, and but a few examples of sometimes major, and sometimes relatively minor but nonetheless <u>on-going</u> occurrences which, when taken together, clearly constitute a hostile workplace environment include: the recent un-witnessed slashing of Plaintiff's tires in Defendant's parking lot (reported to Defendant's human resource

office in May 2009); Defendant's outright refusal to pay Plaintiff a $2500.00 retention bonus for 2008 (a matter which resolved only after the complaint was filed and the attorneys); Defendant's refusal to allow Plaintiff to leave the premises in order to register her son for school and, on a separate occasion, to attend to his medical emergency after he was injured at school; Defendant's refusal to award Plaintiff merit increases commensurate with her job performance, experience and tenure; Defendant's "writing up" Plaintiff for little or no reason; and, Defendant's willful and intentional jeopardizing of Plaintiff's licensure by <u>demanding</u> that she give intravenous "push" medications in violation of the Tennessee Board of Nursing licensing requirements Defendant's younger, White workers have not been treated in the manner just described.

Plaintiff's financial stability is paramount; consequently, she remains employed at Defendant's.

Meanwhile, as a result of the on-going hostile work environment (unlawful discrimination, harassment and retaliation) described hereinabove and which Plaintiff has been forced to endure because of her race and age, Plaintiff has suffered loss of job benefits, and severe emotional distress, humiliation and embarrassment which has manifested physically Accordingly, Plaintiff has filed this instant suit under the ADEA, Title VII, 42 U.S.C. Sections 2000(e) *et seq.*; and, 42 U S C Section 1981, as amended, and the Tennessee Human Rights Act as embodied in T C A Sections 4-21-101 *et seq.*

    **2.**   **DEFENDANT:** Defendant denies that it has subjected Plaintiff to unlawful discrimination, harassment, or retaliation. Defendant denies that it has otherwise violated Plaintiff's rights under state or federal law. All actions taken and decisions made by Defendant with respect to Plaintiff were based on reasons and motives that were both legitimate

3

and lawful.

    **C.**     **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**     **ISSUES STILL IN DISPUTE:** All issues as to liability and damages.

    **E.**     **INITIAL DISCLOSURES:** That parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 1, 2009**.

    **F.**     **MOTIONS TO AMEND:** The deadline for filing motions to amend shall be **July 1, 2009**.

    **G.**     **PARTIES TO THE ACTION:** The Parties will file a joint motion to amend the caption of the case so as to replace "Fresenius Medical Care" (which is not a viable legal entity) with the proper defendant-employer, Renal Care Group, Inc. Otherwise, the parties are not aware of any necessary parties who have not been joined or of any parties that have been improperly joined.

    **H.**     **DISCOVERY:** Discovery is needed with respect to all issues relating to liability and damages. The parties shall complete all written discovery and depose all fact witnesses on or before **November 23, 2009**. To be timely, any written discovery must be served on a date and in a manner so that the deadline for responding (as prescribed by the Federal Rules of Civil Procedure) is on or before **November 23, 2009**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow each party to serve 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a telephone conference with Magistrate Judge Bryant.

    **I.**     **PROTECTIVE ORDER:** The parties anticipate that a protective order may be

4

needed during discovery to safeguard confidential and proprietary documents/information, including (but not limited to) any documents containing confidential and/or private information regarding Defendant's patients and/or Defendant's current or former employees. The parties will prepare a stipulated protected order for the Court's review and potential entry.

J. **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **September 22, 2009**. The defendant shall identify and disclose all expert witnesses and expert reports on or before **October 22, 2009**.

K. **DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **November 23, 2009**

L. **JOINT MEDIATION REPORT:** The parties shall file a joint mediation report by **November 27, 2009**

M. **DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **December 23, 2009**. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 25 pages without prior approval of the Court. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a partial motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court

N. **ESTIMATED TRIAL TIME:** The parties expect the trial to last 1 to 4 days. The target trial date is __April 28__, 2010

O. *Follow-up case management conference.* A follow-up case management conference by telephone is set for November 24, 2009, at 11:00 a.m. Counsel for plaintiff shall initiate this call.

5

Is so Ordered this 22nd day of May, 2009.

_____
Magistrate Judge John S. Bryant

Approved for entry by:

s/ R. A. Stewart
R. A. Stewart
BPR No. 23042
Manson, Jones & Associates LLC
2280 Rosa L. Parks Boulevard
Suite 300
Nashville, TN 37228
Telephone: 615.782.6008
Email: rstewart@themansongroup.com

Attorney for Plaintiff

s/ Eric K. Smith
Eric K. Smith
BPR No. 017816
LITTLER MENDELSON, P.C.
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, GA 30326-4803
Telephone: 404.233.0330
Facsimile: 404.759.2360
Email: esmith@littler.com

Aubrey B. Harwell III
BPR No. 17394
NEAL & HARWELL, PLC
Suite 2000
One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
Telephone: 615.244.1713
Facsimile: 615.726.0573
Email: tharwell@nealharwell.com

Attorneys for Defendant